**Mildred MUSGROVE, Appellant**

v.

**GOVERNMENT OF the DISTRICT OF COLUMBIA, Appellee.**

**No. 11–7042.**

United States Court of Appeals, District of Columbia Circuit.

Jan. 31, 2012.

Elbert Lindsey Maxwell, II, Esquire, Bailey Law, PC, Washington, DC, for Appellant.

Holly Michelle Johnson, Assistant, Todd Sunhwae Kim, Solicitor General, Donna M. Murasky, Esquire, Deputy Solicitor, Office of the Attorney General, District of Columbia Office of the Solicitor General, Washington, DC, for Appellee.

Before: HENDERSON, TATEL and GARLAND, Circuit Judges.

## JUDGMENT

PER CURIAM.

This case was considered on the record from the United States District Court for the District of Columbia and the briefs submitted by counsel. It is

**ORDERED** that the judgment of the District Court be affirmed.

Mildred Musgrove (Musgrove), the principal of Anacostia High School from 1997 to 2003, appeals the district court's grant of summary judgment to her employer, the District of Columbia (District), in which the court rejected Musgrove's claims brought under the Equal Pay Act (EPA), 29 U.S.C. § 206(d), Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e *et seq.*, and the District of Columbia Human Rights Act (DCHRA), D.C.Code. §§ 2–1401.01 *et seq.* For the reasons set forth below, we affirm.

■ With regard to Musgrove's EPA claim, she failed to meet her burden to show that a reasonable jury could find that the District paid her male counterparts more money "for equal work"—that is, for jobs requiring "equal skill, effort, and responsibility" and "performed under similar working conditions." *Corning Glass Works v. Brennan,* 417 U.S. 188, 195, 94 S.Ct. 2223, 41 L.Ed.2d 1 (1974). Even if we assume that Musgrove was paid less than some male principals at some other District high schools during some years, Musgrove failed to point to any evidence suggesting that the duties of the other principals were "performed under similar working conditions." *Id.* This defect is particularly problematic in light of Musgrove's deposition testimony that the District bases the salary and bonuses of its principals on a variety of factors, including the size and condition of the school. *See* Musgrove Dep. at 118–19, 124–26.

■ Musgrove's hostile work environment claim under Title VII is barred by her failure to timely exhaust her administrative remedies. In the District, a plaintiff must file a charge with the Equal Employment Opportunity Commission (EEOC) within 300 days "after the alleged unlawful employment action occurred." *See* 42 U.S.C. § 2000e–5(e)(1); 29 C.F.R. § 1601.13(a)(4), (b)(1). Although Musgrove alleges that she was subject to a hostile work environment from "Spring 2002 until September 2002," she did not file her EEO charge until May 14, 2004, well outside the 300–day window. Musgrove Charge of Discrimination, 1–2 (filed May 14, 2004).

Musgrove's hostile work environment claim under the DCHRA likewise fails because she did not comply with the mandatory notice requirement in D.C.Code § 12–309, which requires her to "give[ ] notice in writing to the Mayor of the District of Columbia" within six months of the alleged incident. D.C.Code § 12–309 (2001).

■ Musgrove's remaining two claims are based on the District's allegedly unlawful termination of her employment. * Second Amended Compl., para. 44 ("By terminating the plaintiff's employment due to her age and gender, the defendant violated Title VII[ ] as well as the [DCHRA]."). These claims are barred by the plain terms of the settlement agreement Musgrove entered into with the District in 2004. *See* Settlement Agreement, 2 (executed June 2, 2004) ("Grievant hereby waives, releases and *agrees not to pursue* or file *any action* or complaint of any nature or kind in any forum *regarding her termination that was the subject of this grievance.*" (emphases added)).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The

Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41(a)(1).